**SO ORDERED.**

**SIGNED this 30th day of March, 2016.**



_____
Janice Miller Karlin
United States Bankruptcy Judge
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE:** MARK ANTHONY CHERRY JR | CHAPTER 13 |
| ERIN ELIZABETH CHERRY | CASE NO: 15-40713 |
| Debtors | BAR DATE: November 11, 2015 |

### ORDER CONFIRMING MODIFIED PLAN

The Court has determined that the Debtor's Plan meets the confirmation requirements of Chapter 13 of Title 11 of the United States Code. All references to "Debtor" in this Order refer to the Debtor and Codebtor, if any, collectively and individually unless otherwise specified.) The court finds that the Plan is confirmed as Originally Filed, and ORDERS:

**1. PAYMENTS.** Debtors shall make MONTHLY payments of $373.00, as required by the Plan as Confirmed to: Jan Hamilton, Trustee, PO BOX 2159, TOPEKA, KS 66601-2159.

**2. DEBTOR ULTIMATELY RESPONSIBLE FOR PLAN PAYMENTS.** If Debtor's employer is required to make the Plan payment but does not, then the Debtor is ultimately responsible to timely make all Plan payments. If the Debtor does not cause such paymnets to be timely made, the Trustee may request, and the Court may issue without further notice, an order directing the Debtor's employer to make the appropriate deductions and payments to the Trustee.

**3. CHANGE OF ADDRESS OR EMPLOYMENT.** Debtor shall immediately notify the Court and the Trustee, in writing, of any change of address or any change in employment. Notice of a change in employment shall include the name and appropriate mailing address for the payroll department of the new employer.

**4. INCURRING POST PETITION DEBT.** DEBTOR SHALL NOT INCUR ANY ADDITIONAL DEBTS DURING THE PENDENCY OF THE PLAN WITHOUT PRIOR APPROVAL BY THE COURT OR THE TRUSTEE, EXCEPT DEBTS THAT MAY BE NECESSARY FOR THE PROTECTION AND PRESERVATION OF LIFE, HEALTH, OR PROPERTY, SUCH AS FOOD, CLOTHING, LODGING, OR MEDICAL CARE FOR THE DEBTOR AND FAMILY.

**5. DEBTOR DUTY TO REPORT.** The Debtor shall timely report to the Trustee any events affecting disposable income which are not projected on Schedules I and J, including but not limited to tax refunds, inheritances, prizes, lawsuits, gifts, etc. that are received or receivable during the pendency of the case.

**6. DISPOSAL OF PROPERTY.** During the pendency of this case, Debtor is enjoined and prohibited from selling, encumbering, or in any manner disposing of assets without prior order of the Court, except as may be required in the course of Debtor's business, if Debtor is engaged in business.

**7. TAX RETURNS.** Debtor shall timely file all tax returns that become due during the pendency of this case, and provide a copy to the Trustee at the same time the return is filed, if requested by the Chapter 13 Trustee.

**8. LENGTH OF PLAN.** Nothing in the Plan shall be construed to permit Debtor to receive a discharge before three years if Debtor is a below median income debtor, or before five years if Debtor is an above median debtor, unless all claims are paid in full.

**9. MORTGAGE DEFAULTS.** The amount of the pre-petition mortgage note arrearage, if any, as specified in the real estate creditor's proof-of-claim, shall govern, unless the amount is specifically controverted in the Plan or by an objection to the claim as requested by D. Kan. LBR 3015(b).1. Creditors will be bound by the interest rate stated in the Plan unless modified by a separate order.

If Debtor pays the pre-petition arrearage as determined in the foregoing paragraph, together with interest, if any, as specified in the Plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

No real estate creditor shall ever assess, charge or collect, from either the Debtor or the real estate collateral any assessments, fees, costs, expenses or any other monetary amounts, exclusive of principal, interest, taxes and insurance, that arose from the date of filing of the bankruptcy petition to the entry of the Order of Discharge except as may be allowed by the court order or an allowed proof of claim.

**10. CONFIRMATION OBLIGATIONS.** Confirmation of this Plan is a finding that Debtor has complied with all of the applicable provisions of 11 U.S.C. Secs. 1322 and 1325 and Debtor has fulfilled all pre-confirmation obligations under 11 U.S.C. Sec. 521.

**11. NOTICE PROVIDED.** The court finds that written notice of the confirmation hearing has been given by mail to all creditors and interested parties as shown by Debtor's matrix filed herein, which notice is hereby approved.

**12. TRUSTEE FEE.** Notwithstanding any plan provisions to the contrary, the Trustee shall be paid a variable percentage fee in accord with 28 U.S.C. section 586(e).

**13. VESTING.** After approval of the Trustee's Final Report and Account by the Court, all property of the bankruptcy estate that is not proposed or reasonably contemplated to be distributable under the Plan, shall re-vest in Debtor as Debtor's property following dismissal or discharge, unless the property earlier vested by terms of the confirmed plan.

**14. UNCLAIMED FUNDS.** All funds that remain unclaimed ninety days after distribution of the final dividend shall be processed and deposited as provided by Bankruptcy Rule 3011.

**15. ADDITIONAL FINDINGS.** In the event findings of fact and conclusions of law, as required by Fed. R. Bank. P. 7052 and Fed. R. Civ. P. 52, were stated orally and recorded in open court, these are hereby incorporated herein by reference.

**16. REPORTS.** At least once annually, the Trustee shall mail to the Debtor and file with the Court a report showing the funds received and the disbursements made by the Trustee.

17. Additional provisions specific to this Plan are as follows: With respect to Debtor's real property, to wit: UNIT S-304, BUILDING S, BYE THE GREEN A CONDOMINIUM, ACCORDING TO DECLARATION THEREOF RECORDED UNDER KING COUNTY RECORDING NO. 8106080490, AND AMENDEMENT(S) THERETO; SAID UNIT IS LOCATED ON SURVEY MAP AND PLANS FILED IN VOLUME 54 OF CONDOMINIUMS, PAGE 14 THROUGH 19, RECORDS OF KING COUNTY, WASHINGTON; pursuant to §1322(b)(8) and (9), title to the said property located at 34281 St., NE, Unit S-304, Bye The Green, Auburn, WA 98002, shall vest in Bye The Green Condo Assoc. upon confirmation, subject to liens based upon deed of trusts to Bank of America, and the Confirmation Order shall constitute a deed of conveyance of the property when recorded. All secured claims secured by Debtor's property located at 34281 St., NE, Unit S-304, Bye The Green, Auburn, WA 98002 will be paid by the surrender of the collateral and foreclosure of the security interest. The King County Recorder of Deeds is ordered to accept this confirmation order as a document of conveyance of said property. Debtors have rejected the contract with Bye the Green Condo Assoc. and any liability for post-petition HOA fees or dues will be discharged upon plan completion.

###

Prepared and Approved By:                                   Date Confirmed: March 23, 2016

<u>s/Jan Hamilton, Chapter 13 Trustee</u>
Jan Hamilton #08163
Topeka, KS 66601-3527
785-234-1551
785-234-0537(FAX)
jan.hamilton@topeka13trustee.com